WIGGINTON, Judge.
The appellant, Graphic Productions, challenges a Department of Commerce final order denying its formal protest relating to bidding procedures for a proposed department printing project. Graphic contends that because the low bidder, Universal Printing, a Missouri corporation, was not registered to do business in Florida pursuant to Section 607.304, Florida Statutes (1981) at the time it submitted its bid, Universal should be disqualified and the contract awarded to Graphic (the second-lowest bidder).
We affirm because nothing in Chapter 607 requires a foreign corporation to register to do business in Florida before submitting a bid on a printing project.
In this regard the circumstances here are wholly dissimilar to Greenhut Construction Company, Inc. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971), relied upon by Graphic. In Greenhut, this Court reversed a judgment that would have permitted a contractor to bid on a construction project without prior registration. The result in Greenhut was dictated by the unique registration requirements of former Chapter 468, in which “contractor” was defined as one who, among other things, submits a bid to build. In effect the statute specified that to submit a construction bid is to engage in the business of a contractor, thus requiring that a contractor register to do business before bidding.
Here, however, Chapter 607 does not require the conclusion urged by Graphic that, in general, submitting a bid is the equivalent of doing business in Florida. We note that Universal registered with Florida’s Secretary of State within two weeks after the bids were opened. Graphic promptly requested and received this Court’s temporary stay, so Universal and the department have not entered into contract and work has not begun; that is, Universal has not yet “done business” within the meaning of Section 607.304.
Finally we reject Graphic’s contention that the department failed to live up to its Section 120.57 responsibilities in this case. At the department’s invitation, Graphic presented thorough legal argument in support of its protest. Although specifically given the opportunity to raise disputed issues of material fact, Graphic raised none. Therefore, we find that the department’s actions complied with Section 120.57.
Accordingly, we affirm the department’s order denying the protest and we dissolve the temporary stay previously issued in this cause.
MILLS and ERVIN, JJ., concur.